## UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

| | |
|---|---|
| ANITA B. WOMACK N/K/A ANITA PLUNKETT, <br><br> PLAINTIFF, <br><br> V. <br><br> WELLS FARGO BANK, N.A., ET AL., <br><br> DEFENDANTS. | CIVIL NO. 09-3582 (SRN/AJB) <br><br><br> **ORDER & MEMORANDUM** |

This matter is before the Court, Chief Magistrate Judge Arthur J. Boylan, on Defendants' Motion to Compel Plaintiff's Production of Medical Records. [Docket No. 20]. A hearing was held on the motions on April 7, 2011,[1] at the United States Courthouse, 300 South Fourth St., Minneapolis, MN 55415. Michelle Dye Neumann, Esq., appeared on behalf of the Plaintiff. Sarah J. Gorajski, Esq., appeared on behalf of the Defendants.

Based upon the record, memoranda, and oral arguments of counsel, **IT IS HEREBY ORDERED** that Defendants' Motion to Compel Plaintiff's Production of Medical Records [Docket No. 20] is **DENIED**. The attached memorandum is incorporated herein.

Dated:_____April 26, 2011_____

_____s/Arthur J. Boylan_____
Chief Magistrate Judge Arthur J. Boylan
United States District Court

---

[1] The motion was initially scheduled to be heard on December 16, 2010. A hearing was held, but the motion was continued to allow the Plaintiff time to obtain new counsel following the withdrawal of her previous attorney. The Pretrial Scheduling Order was amended by Order dated December 17, 2010, to extend time for discovery. Plaintiff has since obtained new counsel.

## MEMORANDUM

I.      BACKGROUND

Plaintiff brought an action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e (2006), and under the Minnesota Human Rights Act, Minn. Stat. §363.01, *et seq.* (2010) for unlawful employment practices on the basis of race.  *See generally* Plaintiff's Amended Complaint ("Amended Complaint") [Docket No. 2].  Defendants have requested and obtained medical documents and releases in the course of discovery in the matter.  *See* Defendant's [sic] Memorandum of Law in Support of Plaintiff's Motion to Compel Plaintiff's Production of Medical Records ("Defendants' Memo") at 2–7 [Docket No. 22].  While certain medical records have been provided, Plaintiff's obstetrics and gynecological records have not been produced and Plaintiff objects to discovery of this information.  *Id.* at 5–6.

II.     DISCUSSION

Defendants contend that they are entitled to the Plaintiff's medical records because she has put her physical and/or mental condition into controversy.  Alternatively, Defendants argued during oral argument that Plaintiff had waived objections by providing Defendants with other medical records.  Plaintiff contends that what she is asserting is "garden variety" emotional distress that does not place her physical and/or mental condition into controversy.  For the following reasons, this Court finds that Plaintiff's claim is a "garden variety" emotional distress claim and that the Defendants are not entitled to the withheld information.[2]   Therefore, Defendants' motion to compel is denied.

_____

[2]      This Court will not reach the waiver issue, since any evidence offered, waived or otherwise, must be relevant.  *See* Fed. R. Civ. P. 26(b)(1). Because, as is discussed below, Plaintiff has not placed her medical condition at issue, her medical information is irrelevant or of such marginal relevancy that disclosure is outweighed by the possible harm the disclosure may cause the Plaintiff.  It is important to note, however, that this is predicated on a

a.   Plaintiff has not Placed her Condition into Controversy

Because the Plaintiff's claims include "garden variety" emotional damages, Plaintiff has not placed her condition into controversy and maintains a privilege over her medical records. "[A] plaintiff waives the [doctor-patient] privilege *by placing his or her medical condition at issue*." *Schoffstall v. Henderson*, 223 F.3d 818, 823 (8th Cir. 2000) (emphasis added). But, "allegations of 'garden variety emotional distress,' . . . are insufficient to place her mental condition in controversy." *Dochniak v. Dominium Management Servs., Inc.*, 240 F.R.D. 451, 452 (D. Minn. 2006).

This court is persuaded that Plaintiff has not placed her condition in controversy. *See O'Sullivan v. Minnesota*, 176 F.R.D. 325**,** 328 (D. Minn. 1997) (articulating five factors to consider when determining if medical and/or physical condition have been placed in controversy based on whether the plaintiff is:  1) alleging a cause of action for intentional or negligent infliction of emotional distress; 2) alleging a specific mental disorder; 3) alleging a claim of unusually severe emotional distress; 4) offering expert testimony to support a claim of emotional distress; or 5) conceding that one's mental or physical condition is in controversy).  Here, Plaintiff has not alleged a cause of action for intentional or negligent infliction of emotional distress; is not alleging a specific mental or psychiatric injury or disorder; has not asserted a claim of unusually severe emotional distress; is not seeking to offer expert testimony to support a claim of emotional distress; and does not concede that her mental condition has been placed in controversy.  Under these circumstances the Plaintiff has not placed her medical condition at issue, and Defendants are not entitled to the materials they are seeking.

---

good faith belief that, as stated by the Plaintiff, the Plaintiff will not offer any expert testimony or otherwise place her medical condition at issue.

   This Court finds further support in *Miles v. Century 21 Real Estate LLC*, No. 4:05-CV-1088 GTE, 2006 WL 2711534 (E.D. Ark. Sept. 21, 2006), with substantially similar facts and decided on substantially similar grounds.

> b.   Policy Considerations Weigh Against Compelling Discovery of the Requested Documents

This Court finds no justification for opening the door to discovery regarding highly personal information about the Plaintiff.  Plaintiff has elected to pursue "garden variety" emotional damages against Defendants.  Alternatively, Plaintiff may have chosen to pursue other legal remedies that may have facilitated placing her medical condition into controversy.  However, as the master of her complaint, Plaintiff is allowed to weigh the strategic costs and benefits of bringing specific causes of actions.  *See, e.g.*, BP Chemicals Ltd. v. Jiangsu Sopo Corp., 285 F.3d 677, 683–84 (8th Cir. 2002).  She may well have determined that the hardships inherent in opening the door to this information warranted the specific scope of claims in this cause of action.  The Plaintiff's interest in defining her cause of action is balanced against a Defendant's interest in adequately defending itself.  *See, e.g.*, Costello, Porter, Hill, Heisterkamp & Bushnell v. Providers Fidelity Life Ins. Co., 958 F.2d 836 (8th Cir. 1992).

Here, the information is of a uniquely personal and confidential nature.  At best, as discussed above, the relevance of this information to the stated claim is *de minimis*.  To the extent the documents may arguably be relevant, this Court is not persuaded that denying Defendant's motion to compel will materially affect the ability to defend.  Essentially, in light of the claims in this case, the plaintiff's confidentiality interests far outweigh the usefulness of the medical records to defend against the claims and the motion is therefore denied.